UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

RECEIVED, CLERKS OFFICE

2011 AUG -1  P 1:39

DISTRICT OF COLA. SC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Respondent, | § | |
| | § | |
| v. | § | Case No. 0:08-401 |
| | § | |
| ZHIVAGO ANWAH ROBINSON | § | |
| Movant. | § | |

MOVANT'S MEMORANDUM AND POINTS OF AUTHORITIES IN
SUPPORT OF MOTION PURSUANT TO 28 U.S.C. § 2255
TO VACATE, SET ASIDE OR CORRECT SENTENCE

TO THE HONORABLE CAMERON McGOWAN CURRIE, JUDGE:

INTO COURT COMES NOW, ZHIVAGO ANWAH ROBINSON, hereinafter "movant" or "Robinson," appearing on his own behalf and files this his memorandum and points of authorities in support of his motion to vacate, set aside or correct sentence for a person in federal prison. As grounds for this memorandum, movant states the following unto this court:

PROCEDURAL HISTORY

On July 1, 2008, the United States of America named Robinson in a 12 count superseding indictment charging him and three others with violations of federal drug and gun laws. Robinson was charged with Conspiracy to Possess with Intent to Distribute 500 grams or more of cocaine and 50 grams or more of "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B), all in violation of 21 U.S.C. § 846. Robinson was also charged with being a felon in possession of a firearm and a substantive count of possessing with intent to distribute and distributing a quantity of crack cocaine,

in violation of 21 U.S.C. § 841(a)(1), 841 (b)(1)(C), and 922(g)(1).

The government noted that Robinson had two prior felony drug convictions in 2000 and 2001, and exercised its option to file an information pursuant 21 U.S.C. § 851 to enhance his sentence. Trial on the superseding indictment started on September 30, 2008. After three days of trial, the jury unanimously found Robinson guilty of a less conspiracy offense involving 5 grams but less than 50 grams of "crack cocaine," the felon in possession count and possession with intent to distribute a quantity of crack cocaine.

On May 4, 2009, Robinson appeared before this court for sentencing. While defense counsel filed no objection to the "career offender" status, this court devoted vast majority of the sentencing hearing to the issue of guideline range before application of the "career offender" sentence. Although the entire career offender argument was based on the 21 U.S.C. § 851 information filed by the government, defense counsel requested for and agreed with the government that Robinson should be sentenced under the career offender provision of U.S.S.G. § 4B1.1 instead of the 21 U.S.C. § 851 statutory enhancement.

Defense counsel's action worked to actual harm of Robinson because the minimum sentence he faced was moved from 10 years under § 851 to 30 years under § 4B1.1. When this court asked defense counsel for objections, counsel presented what this court reminded him, was not an objection. Rather than object to the validity of the predicate offenses, counsel argued that small amounts of drug was involved and movant did not use guns in the offense. Considering the factors set forth in 18 U.S.C. § 3553(a), and the unobjected to career offender status, this court sentenced Robinson to 360 months imprisonment, 8 years supervised

release, and $300 special assessment.

Indeed, this court's relentless efforts to fashion a sentence not greater than necessary was hampered by a labyrinth of guideline issues argued between the prosecutor, the probation officer and the defense counsel. Although the probation officer made errorless argument, and pointed to this court that the jury found Robinson to be responsible for 5 grams but less than 50 grams of crack cocaine, no counsel informed this court to change its earlier conclusion that the quantity attributable to Robinson should be 78 grams. This error continued despite this court's agreement with the probation officer that the jury's finding of less than 50 grams should be used to determine the sentence.

Pursuant to 21 U.S.C. § 851 upon which the entire guideline argument was heard, the statutory requirement to double the penalty for statute of conviction, required this court to impose a "statutory" sentence of not less than 10 years or more than life inprisonment. The critical error not pointed out by any counsel was that 21 U.S.C. § 851, was not the proper forum to calculate a guideline sentence. That section only calls for a statutory sentence and predates the guidelines. Although the prosecutor was perfectly aware of this error, he allowed it to play out, albeit fraudulently on this court, and then moved for a "kill" after the court has heard the testimony of the character witnesses.

This court's request on the government's position as to defense counsel's request for a sentence outside the guideline range, provided the prosecutor with an opportunity to abandon his 21 U.S.C. § 851 theory

and requested as follows:

    MR. LEVENTIS:    Well, your Honor, we would respectfully request that a guideline sentence under the career offender guidelines be applied in this case. As discussed in the sentencing guidelines, Title 28, Section 994(h) mandates that the sentencing commission assure that certain career offenders receive a sentence of imprisonment at or near the maximum term authorized. (Sent. Tr. at 38)

This request was granted without taking into consideration that the guideline calculation under U.S.S.G. § 4B1.1, is different from the calculation of a sentence under 21 U.S.C. § 851. For example, under § 4B1.1 career offender, the statutory minimum and maximum sentence cannot be doubled. Rather, a table of increased guideline ranges is provided based on the maximum sentence for the statute of conviction. Conversely, under 21 U.S.C. § 851, the statutory minimum sentence is doubled while the maximum is also increased. The sentence imposed under § 851, is a statutory sentence and not a guideline sentence.

While Robinson's counsel requested a sentence outside the guideline, he stood still when the government's counsel requested a Career Offender sentence under § 4B1.1. Defense counsel failed to note that under the guideline career offender requested by the government, Robinson's maximum penalty for selection of proper § 4B1.1 guideline range cannot be doubled but remains at a maximum of 40 years. 21 U.S.C. § 841(b)(1)(B). In essence, counsels led this court to a statutory enhancement, doubled the statutory maximum penalty to life imprisonment and used what would have been a statutory sentence to obtain a higher guideline sentence. A classical fraud on the court. Robinson timely appealed to Fourth Circuit.

On August 11, 2010, the Fourth Circuit Court of Appeals affirmed Robinson's conviction and sentence. This 28 U.S.C. § 2255 motion is timely filed.

## ARGUMENTS AND POINTS OF AUTHORITIES

Generally, " 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." **Leano v. United States,** 334 F.Supp.2d 885, 890 (D.S.C. 2004)(quoting 28 U.S.C. § 2255(a). In **Leano,** the District Court noted that this is "the proof needed to allege a constitutional error, and that "the scope of review of non-constitutional error is more limited than that of constitutional, a non-constitutional error does not provide a basis for collateral attack unless it involves "a fundamental defect which inherently results in a complete miscarriage of justice," or is 'inconsistent with rudimentary demands of fair procedure.'" **Leano,** 334 F.Supp.2d at 890 (quoting **United States v. Mikalajunas,** 186 F.3d 490, 495-96 (4th Cir. 1999).

Robinson will show this court that the issues presented for this court's consideration, involve constitutional as well as "a fundamental defect which inherently, in his case, resulted in a complete miscarriage of justice, or is 'inconsistent with rudimentary demands of fair procdure."

**No. 1.    WHETHER THE COURT COMMITTED A PROCEDURAL ERROR WHERE THE COURT CONFUSED 21 U.S.C. 851 WITH THE CAREER OFFENDER PROVISION PURSUANT TO §4B1.1 OF THE UNITED STATES SENTENCING GUIDELINES**

Robinson asserts that his sentence must be vacated because there was a fraud on this court which caused the court to confuse 21 U.S.C.

-5-

§ 851 with the career offender provision pursuant to § 4B1.1 of the Sentencing Guidelines.

The issue presented here is analogous to that dealt with the court in **Hopper v. United States,** 2009 U.S. Dist. LEXIS 44849 (W.D. NC. May 27, 2009). In **Hopper,** defendant was granted the Petition for Habeas Corpus where the court found Petitioner's motion was based on an error made in his sentencing guidelines calculations that was not discovered by any one, including his attorneys, at the time of sentencing. **Hopper,** as in the instant case, was originally charged with having been involved with at least 50 grams of cocaine base. However, both petitioner and the government stipulated that he was responsible for "at least 35 grams but less than 50 grams of cocaine base. The stipulation, as agreed by both parties, reduced Hopper's sentencing exposure from a statutory term of 10 years up to a maximum of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii) down to a minimum of 5 years but not more than 40 years imprisonment under § 841(b)(1)(B)(iii). Therefore, once petitioner was classified as a **career offender,** his sentence should have been calculated using U.S. Sentencing Guidelines § 4B1.1(b)(B), which corresponds to a statutory maximum of 40 years and provides a base offense level of 34, rather than §4B1.1(b)(A), which corresponds to a statutory maximum term of life imprisonment and provides a base offense level 37.

In the instant case, the probation officer reminded this court, and it was agreed that the jury having found that **Robinson** was responsible for 5 grams but less than 50 grams of cocaine base, his statutory sentencing exposure was 5 but not more than 40 years. Robinson believes that but for fraud on this court, his minimum sentence exposure would

not have been 30 years. Up until after character testimonies, no one, including defense counsel, said anything to this court about the use of the career offender provision pursuant to §4B1.1 of the Sentencing Guidelines. It was unfathomable why both the government and defense counsel remained silent while this court was calculating a guideline sentence pursuant to 21 U.S.C. § 851 statutory career offender enhancement provision.

A § 851 notice is filed, as in this case, when the government is seeking enhanced statutory penalty based on a defendant's prior convictions. With regard to career offender status pursuant to §4B1.1 of the Sentencing Guidelines, a defendant is a career offender if he/she was 18 years old at the time of the instant offense; the instant offense is a felony crime of violence or controlled substance offense and the defendant has at least two prior felony convictions of either a crime of violence or controlled substance offense. See **Sanders v. United States,** 2009 U.S. Dist. LEXIS, 128600. As the court in **Sanders** made clear, the two provisions, 21 U.S.C. § 851 and U.S.S.G. § 4B1.1, "work independent of one another.

Because the the government changed from 21 U.S.C. § 851 of which this court correctly doubled the statutory minimum sentence, to U.S.S.G. § 4B1.1 where statutory minimum and maximum are not required to be doubled, but chose the guideline table based on the doubled statutory penalty, the imposed sentence was erroneous and warrants the sentence to be vacated for resentencing.

**WHETHER ROBINSON'S JUNE 12, 2000, CONVICTIONS, A NON-FELONY WITH INDETERMINATE SENTENCE AND THE OTHER WITH A SUSPENDED SENTENCE, CAN BE COUNTED AS ONE OF THE TWO PREDICATE CONVICTIONS NEEDED TO TRIGGER §4B1.1 CAREER OFFENDER**

Robinson asserts that he is innocent of the U.S.S.G. § 4B1.1 career offender status and urges this court to vacate his sentence. Robinson hotly contested this matter with his defense counsel, both during the trial and on appeal but to no avail.

United States Sentencing Guidelines § 4A1.2, governs the determination as to whether convictions are counted under § 4B1.1. Out of the three prerequisites to find that a defendant is a career offender, Robinson is contesting one. That is, whether he has " at least two prior felony convictions of either a crime of violence or controlled substance offens."

The government, in its 21 U.S.C. § 851 notice, listed the only two prior convictions found in Robinson's criminal history. Critical to determination of the issue raised here, is the June 12, 2000, conviction. First, there is no dispute that the conviction listed under Case No. 2000-GS-46-1701 is not a felony, and according to defense counsel, was not considered. However, defense counsel's silence on the use of the suspended sentence, was not golden to Robinson.

Robinson contends that his June 12, 2000, convictions should not have counted towards designating him a career offender. A sentence of imprisonment is defined to exclude any portion thereof which is suspended. **§ 4A1.2(b)(2).** Accordingly, Robinson's 10-year suspended sentence imposed for the June 12, 2000, conviction could not count as a "sentence of imprisonment" exceeding one year and one month, as required by § 4A1.2(e)(1) for sentence imposed within fifteen years

of the instant offense.

Robinson reminds this court that this issue eluded discussion of this court because the switch from 21 U.S.C. § 851 notice, to the Sentencing Guidelines' § 4B1.1, after a very long discussion of the applicable guideline range, and defense counsel's illiteracy on the guidelines' § 4B1.1 prerequisites, foreclosed any ruling on the matter. Based on the foregoing, Robinson's sentence must be vacated.

### No. III.

**ROBINSON IS ENTITLED TO RESENTENCING BASED UPON HIS FAILURE TO RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED HIM BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

ZHIVAGO ANWAH ROBINSON was represented at trial by Langdon D. Long, Assistant Federal Public Defender. Despite the filing of pre-trial motions and attendance of counsel at trial, ZHIVAGO ANWAH ROBINSON did not receive the effective assistance of counsel as required under the Sixth Amendment to the United States Constitution. The record is replete with instances of ineffective assistance, most significant of which are:

1. <u>The Failure of Defense Counsel to Object to Petitioner's Erroneous Sentencing Calculations.</u>

2. <u>The Failure to Object whether or not Robinson was found to be a Career Offender.</u>

3. <u>The Failure of Counsel to raise on appeal, despite Robinson's request, the qualification for Career Offender and the Erroneous Sentencing Calculations.</u>

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective

standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. **Strickland v. Washington,** 466 U.S. at 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; See also **Fields v. Attorney General of State of Md.,** 956 F.2d 1290, 1297-99 (4th Cir. 1992). Furthermore, in considering the prejudice prong of the analysis, a court " can only grant relief under ...**Strickland** if the 'result of the proceeding was fundamentally unfair or unreliable.'" See **Sexton v. French,** 163 F.3d 874, 882 (4th Cir. 1998)(quoting **Lockhart v. Fretwell,** 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)) The petitioner "bears the burden of proving **Strickland** prejudice," **Fields,** 956 F.2d at 1297 (citing **Hutchins,** 724 F.2d at 1430-31), and if a petitioner fails to meet this burden, a reviewing court need not consider the performance prong. Id. at 1290 (citing **Strickland,** 466 U.S. at 697). Critically, because Robinson's claims are attempting to challenge sentencing issues, in order to demonstrate an entitlement to relief, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. **Royal v. Taylor,** 188 F.3d 239, 248-49 (4th Cir. 1999). Applying the foregoing principles to petitioner's allegations against counsel, it is apparent that his sentence will be vacated.

Petitioner contends that his counsel failed to object to petitioner's erroneous sentencing calculations. As petitioner separately argued, this contention is on point with the issue dealt with the District Court in **Hopper v. United States,** 2009 U.S. Dist. LEXIS 44849 (W.D. Nc. May 27, 2009). In that case, the court found, as Petitioner

contended and the government conceded, that defense counsel was prejudicially ineffective for having failed to object to Petitioner's erroneous sentencing calculations. Citing **Smith v. United States,** 871 F.Supp. 251, 255-56 (E.D.Va. 1994)(**relief in the form of resenting was granted on a § 2255 motion due to trial counsel's ineffectiveness for failing to object at sentencing to the use of two excludable misdemeanor convictions in defendant's criminal history computations**).

In the instant case, as in **Hopper,** supra, Robinson's counsel failed to "familiarize himself with the **Career Offender** status for sentencing," and by his failure " to object to a sentence under § 841(b)(1)(A) when in fact Robinson was convicted of § 841(b)(1)(B) with an amount of 5 grams but less than 50 grams of crack cocaine, counsel was ineffective. Robinson was further subjected to ineffective assistance of counsel on appeal by virtue of his appellate counsel's failure to raise these alleged appealable issues on appeal.

Robinson has argued on a separate ground in this memorandum, that in sentencing him with a base offense level 37, this court was led to confuse 21 U.S.C. § 851, with the career offender provision pursuant to § 4B1.1 of the Sentencing Guidelines. If the government had not requested a sentence under U.S.S.G. § 4B1.1, this court, pursuant to §§ 851 enhancement, would have doubled Robinson's statutory minimum of 5 years and chose a sentence between 10 years to life imprisonment. However, having granted the government's request for a sentence pursuant to §4B1.1, Robinson's statutory minimum of 5 years cannot be doubled and neither can his maximum of 40 years be disturbed. Therefore, under §4Bl.1(b)((B)(corresponding to a statutory term of "25 years or more" but less than life imprisonment), the base offense level would have

been level 34 under the guideline table. After applying 2 level increase for obstruction of justice, Robinson's total offense level should have been calculated at 36. Applying that offense level with a criminal history category of VI, Robinson's range of imprisonment should have been 324 to 405 months. This court sentenced Robinson to 360 months, the bottom of the applicable guideline. Therefore, his counsel's failures to raise this particular issue resulted in erroneously receiving a sentence which was 36 months greater than the minimum term to which he otherwise should have been subjected.

## II.     THE FAILURE TO OBJECT TO ROBINSON'S CLASSIFICATION AS A CAREER OFFENDER

Robinson asserts that his defense counsel failed him because he did not object to Robinson's classification as a career offender at sentencing.

For classification as a "career offender" under the guidelines, a defendant must have "at least two prior felony convictions of either a crime of violence or controlled substance offense." U.S.S.G. § 4B1.1. The guidelines define a "controlled substance offense" as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import distribute, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance ( or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. **U.S. Sentencing Guidelines manual § 4B1.2(b)(2007);** <u>United States v. Talib,</u> 347 Fed. Appx. 934 (4th Cir. 2009).

Defense counsel's performance was unreasonable under prevailing professional norms because he failed to familiarize himself with the

facts and law relevant to Robinson's case. Under U.S.S.G. § 4A1.2(b)(2), if a portion of a defendant's sentence is suspended, "sentence of imprisonment" refers only to the portion that was not suspended. Under the South Carolina Youthful Offender Act, Robinson, on June 12, 2000, was sentenced to an indefinite period not to exceed 5 years which was suspended to 90 days "shock incarceration." He therefore served 90 days for the Youthful Offender conviction. In **United States v. English,** 1999 U.S. Appx. LEXIS 3709 (October 30, 1999), the court, citing Eleventh Circuit's opinion in **United States v. Pinion,** 4 F.3d 941 (11th Cir. 1993), noted that under the analysis dictated by the Guidelines, and used by Eleventh Circuit in **Pinion,** English's entire "sentence of imprisonment" was suspended and did not result in any sentence of imprisonment, let alone exceeding one year and one month. **U.S.S.G. § 4A1.2(b)(2).**

Robinson asserts that the South Carolina Youthful Offender conviction detailed above, is not in contest here. This is because defense counsel, both at trial and on appeal, has consistently informed Robinson that the government did not use that particular conviction as a qualifying predicate offense for the career offender enhancement. See **(attached exhibit A).**

Robinson's contention is that his counsel rendered deficient performance at sentencing where counsel failed to object to the use of a suspended sentence as a predicate offense to qualify him as a career offender. As the government's § 851 notice shows, the first offense listed by the government included case **No. 2000-GS-46-1700.** The § 851 information made clear that Robinson received a 10 years suspended to 5 years probation and maintain a gainful employment.... A defense

-13-

counsel familiar with the facts and law relevant to his client's case, would have objected on the ground that under U.S.S.G. § 4A1.2(b)(2), a sentence of imprisonment is defined to exclude any portion thereof which is suspended. See **United States v. Romary,** 246 F.3d 339, 343 (4th Cir. 2001).

A review of Robinson's pre-sentence report will show that the probation officer assigned Robinson 3 criminal history points to the convictions and sentence of June 12, 2000. Had defense counsel objected on the grounds that the conviction carrying the 3 points received a suspended sentence, not only that the sentence would not have qualified as a predicate for career offender enhancement, the probation officer could have assigned points less than 3 points if any points at all.

III.                  INEFFECTIVE ASSISTANCE ON APPEAL

Robinson contends that as was the case at trial and sentencing, his counsel, on appeal, rendered assistance that fell below minimum standard required under **Strickland** test. As the document marked Exhibit A will show, Robinson vigorously argued with his counsel over the facts and law relevant to his case. According to counsel's letter of August 2, 2010, "That case is GS-46-1700, from York County and charges Distribution of Crack Cocaine within Proximity of a Park. The presentence record shows you pled guilty to that charge, and it was run concurrent with your plea in GS-46-1701." The GS-46-1700 of which counsel concedes qualified Robinson for a career offender enhancement, was the conviction that received the 10 years suspended sentence as detailed in the Government's § 851 information.

Were counsel familiar with the law of the case, the 10 years sentence, entirely suspended, would not have qualified Robinson as a career offender. In addition, counsel ignored Robinson's plea that he research the law and the Fourth Circuit's precedents on the matter. As the record reveals, counsel filed an appeal without preparing or addressing these numerous issues which competent counsels would have prepared for.

Certainly, an attorney cannot render effective assistance unless he has appointed himself with the law and facts of the case. See **Robert v. Dutton,** 368 F.2d 465 (5th Cir. 1966); **Willis v. Hunter,** 166 F.2d 721 (10th Cir. 1948).

If a petitioner is able to demonstrate that counsel's performance was objectively unreasonable, **Strickland** test requires the petitioner to establish that " the deficient performance prejudice the defense. Id. at 688. Specifically, in step two of **Strickland** analysis, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A proper prejudice analysis also requires consideration of whether "the result of the proceeding was fundamentally unfair or unreliable." **Lockhart v. Fretwell,** 505 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Thus, counsel may be deemed constitutionally ineffective only if his or her "conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." **Strickland,** 466 U.S. at 686.

Robinson asserts that his sentencing hearing is replete with instances of prejudicial ineffective assistance of counsel. As in **Hopper,** supra, there was the prejudicial error in calculation of Robinson's sentencing Guideline of which counsel did not discover. Indeed, the government, in **Hopper,** conceded that defense counsel was prejudicially ineffective for having failed to object to Petitioner's erroneous sentencing calculation. Indeed, the government took the further step to request that **Hopper** be resentenced at the low end of the applicable guideline range as the court originally did. Had counsel objected, or even discovered the erroneous sentencing calculation, " the result of the proceeding would have been different." **Strickland,** at 694.

Robinson further contends that counsel was prejudicially ineffective for having failed to object to the use of a suspended sentence to qualify Robinson as a career offender. As the attached exhibit shows, counsel even wrote a letter advising Robinson that it was the suspended sentence that qualified him as a career offender. Counsel was further prejudicially ineffective where he participated in calculation of Robinson's guideline level based on 21 U.S.C. § 851 statutory enhancement notice. Had counsel objected on the grounds that § 851 and U.S.S.G. § 4B1.1 "work independent of one another," as noted by the court in **Sanders,** supra, this court would have devoted its attention either § 4B1.1 or § 851. Failure to raise these issues on appeal, equally manifested prejudicial ineffective assistance of counsel.

Clearly, Robinson's § 2255 motion falls within the parameters of each of the authorities cited, each of which support the fact that Robinson was totally deprived of his constitutional right to proper

representation at his sentencing and appeal. The matters set forth in this § 2255 motion meet the test of ineffective assistance of counsel as required under **Strickland.** The matters within and without the record of this case demonstrate that counsel's performance, when placed in the balance of the entire record, can only lead to the conclusion that his failures were grossly disproportionate to the positive aspect of his representation.

## EVIDENTIARY HEARING

Rule 8 of the rules governing Section 2255 proceedings provides that "[i]f the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted...to determine whether evidentiary hearing is warranted.

As presented in this memorandum, there was the erroneous calculation of Robinson's sentence, the confusion of § 851 and § 4B1.1 requirements, the classification of Robinson as a career offender and the inherent prejudicial ineffective assistance of counsel, and because the files, transcripts and records of this case conclusively show that Robinson is entitled to relief, this § 2255 motion cannot be denied without an evidentiary hearing. See **United States v. Fisher,** 43 Fed. Appx. 697 (4th Cir. 2002).

Respectfully submitted,

ZHIVAGO ANWAH ROBINSON