IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 0:08-401-CMC |
| v. | |
| Zhivago Anwah Robinson, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 405. Defendant argues he is "actually innocent of being a Career Offender," as he does not have two qualifying felonies. *Id.* at 8. He cites the recently decided Sixth Circuit case *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), for the proposition that the Sentencing Guidelines' definition of "controlled substance offense" does not include attempt crimes and therefore the South Carolina statute, like the Tennessee statute in *Havis*, should be considered overbroad. *Id.* at 9.[1] Defendant first contends his first prior conviction for possession of crack cocaine does not count as a predicate offense because it was a misdemeanor. *Id.* at 9-10. He then argues the South Carolina drug statute is overly broad because it criminalizes attempted transfers, and therefore a violation of that statute cannot be used as a predicate for career offender purposes. *Id.* at 11.

The Government responded, noting Defendant's motion is a second or successive one for which he needs permission from the Fourth Circuit. ECF No. 424. As Defendant has not received

---

[1] The court notes *Havis* was decided on direct appeal, not on collateral review.

such permission, the Government argues, his § 2255 motion must be dismissed for lack of jurisdiction. *Id.*

Defendant responded, arguing he can challenge his sentence pursuant to 28 U.S.C. § 2241 under *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). ECF No. 427. He recognizes a § 2241 motion must be filed in the district where he is in custody, but notes he is housed within the Sixth Circuit, where *Wheeler* is not binding law. He asks this court to apply *Wheeler* and the Sixth Circuit case, *Havis*, to reduce his sentence.

The savings clause in § 2255(e) serves as a means for an inmate to challenge his sentence via § 2241 if § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e). However, a § 2241 petition will not be permitted merely because an individual is procedurally barred from filing a § 2255 motion, or because such relief is unavailable due to the gatekeeping provisions of § 2255.

The Fourth Circuit in *Wheeler* held § 2241 may be used to attack a sentence if and only if section 2255 is "inadequate and ineffective to test the legality of a sentence," which occurs if

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429. These requirements are jurisdictional, not procedural: if they are not met, the court does not have jurisdiction to entertain the petition. *Id.* The petitioner bears the burden of establishing a § 2255 motion is ineffective and that he satisfies the savings clause requirements.

Defendant, however, is not entitled to application of *Wheeler*, as not all four prongs are established. First, there is no change in settled substantive law *of this circuit or the Supreme Court*

deemed to apply retroactively on collateral review in this Circuit, as *Havis* is not controlling.[2]

Second, as Defendant was sentenced under the advisory, not mandatory, Sentencing Guidelines, his sentence does not present an error so grave as to be a fundamental defect. *See Lester v. Fournoy*, 909 F.3d 708, 715 (4th Cir. 2008) (holding a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when the sentencing guidelines were mandatory, but not under an advisory guidelines scheme). Defendant was sentenced under the advisory guidelines post-*Booker*. *See* ECF No. 171 at 42 (Sentencing transcript). Therefore, Defendant cannot avail himself of *Wheeler* to challenge his sentence under § 2241.[3]

Defendant's motion is, in reality, a successive § 2255 motion. The Fourth Circuit Court of Appeals has directed that district courts ascertain and address whether otherwise filed motions are, in reality, second or successive motions under § 2255. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003); *see also Gonzalez v. Crosby*, 545 U.S. at 531-32. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application . . ." *Winestock*, 340 F.3d at 207; *see also United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015).

Defendant has previously filed a motion under § 2255. ECF No. 238. It was dismissed on the merits, and Defendant's appeal to the Fourth Circuit was also dismissed. ECF Nos. 259, 270.

---

[2] The court notes the Fourth Circuit has held South Carolina drug statutes to be divisible and subject to the modified categorical approach. *United States v. Furlow*, 928 F.3d 311, 322 (4th Cir. 2019).

[3] The court notes Defendant's predicate convictions are for substantive drug offenses under South Carolina law, and appear to be proper predicate convictions for career offender purposes. Contrary to Defendant's belief, a conviction for possession of crack cocaine was not utilized for career offender purposes. Defendant's career offender predicate convictions as listed in the PSR are Possession with intent to distribute crack cocaine within proximity of a park in 2000 (ECF No. 154 at ¶ 44), and possession with intent to distribute crack cocaine and possession with intent to distribute crack cocaine within proximity of a school in 2011 (*id.* at ¶ 45).

Therefore, the instant motion, construed by this court as one under § 2255, is successive and Defendant has failed to first obtain permission from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

The requirement of filing a motion in the court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission from the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court.

Defendant's motion is dismissed as this court is without jurisdiction to consider it.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 31, 2020